IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) HHGREGG, INC., ) ) Defendant. ) ) | CIVIL ACTION NO. <br><br> C O M P L A I N T <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Courtney Keen, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 a-m below, the Equal Employment Opportunity Commission ("Commission") alleges that hhgregg, Inc. ("Defendant Employer") retaliated against Courtney Keen for complaining of a sexually hostile work environment by terminating her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. .§§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful retaliation alleged below was committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII; 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, hhgregg, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Tennessee and the City of Murfreesboro, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer is a specialty retailer of consumer electronics and home appliances.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Courtney Keen filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 3, 2009, Defendant Employer has engaged in unlawful employment practices at its Murfreesboro, Tennessee store in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Courtney Keen for complaining of a sexually hostile work environment by her then general manager by terminating her employment.

8. Ms. Keen began working for Defendant Employer in May 2004. Before 2009, her personnel evaluations reflected that she exceeded expectations. She was eventually promoted to assistant manager in July 2008. Before 2009, she had received no disciplinary actions.

    a. On or about December 22, 2008, Ms. Keen complained to Defendant Employer

2

that the general manager subjected her to a sexually hostile work environment on account of her sex, female.

    b.    Ms. Keen, an assistant manager/manager in training, made her complaint directly to Defendant Employer's Regional Manager.

    c.    Ms. Keen disclosed that the then general manager sent sexually offensive and lewd text messages to her for several months.

    d.    Ms. Keen had retained the sexually offensive and lewd text messages and showed them to the regional manager.

    e.    Ms. Keen reported that the general manager had sent her text messages stating: "Wanna _uck?", "U look so _ucking hot!", "Would u suck my _ick?" and "I love secretly looking at u from across the store." These messages were sent for several months.

    f.    Defendant Employer commenced an investigation. On or about December 23, 2008, Defendant Employer dismissed the general manager for violation of Defendant Employer's anti-harassment policy.

    g.    After the general manager's dismissal, Defendant Employer transferred another general manager to the Murfreesboro store to replace him as Defendant Employer's general manager on or about December 30, 2008.

    h.    On or about January 3, 2009, the new general manager issued the first of twelve disciplinary actions to Ms. Keen for alleged performance issues over the course of three and a half months.

    i.    The general manager regularly reported disciplinary actions for Ms. Keen to the regional manager and Defendant Employer's employee relations specialist.

    j.    The general manager regularly sought guidance from the regional manager and the employee relations specialist as to the appropriate disciplinary actions to be taken with Ms.

3

Keen.

  k. On or about April 16, 2009, Defendant Employer terminated Ms. Keen for "continued poor performance."

  l. Defendant Employer issued disciplinary actions to employees for performance issues similar to those alleged against Ms. Keen, but did not terminate those employees.

  m. Defendant Employer issued disciplinary actions to employees for performance issues more serious than those alleged against Ms. Keen, but did not terminate those employees.

  9. The effect of the practices complained of in paragraphs 8 a – m above has been to deprive Ms. Keen of equal employment opportunities and to otherwise adversely affect her status as an employee, because of retaliation.

  10. The unlawful employment practices complained of in paragraphs 8 a – m above were intentional.

  11. The unlawful employment practices complained of in paragraphs 8 a – m above were done with malice or with reckless indifference to the federally protected rights of Courtney Keen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

4

C. Order Defendant Employer to make whole Courtney Keen, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Courtney Keen.

D. Order Defendant Employer to make whole Courtney Keen, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8_a-m above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Courtney Keen by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 a – m above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Courtney Keen punitive damages for its malicious and reckless conduct described in paragraphs 8 a – m above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.


*Faye Williams by permission M HC*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730


*Deidre Smith by permission M HC*
**DEIDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0140

*Mark Chen*
**MARK CHEN**
Senior Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-5784

6