# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) 3:10-cv-0861 ) |
| GREGG APPLIANCES, INC., | ) ) |
| Defendant. | ) **JURY TRIAL DEMAND** ) |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION:     The court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345; Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

B.     BRIEF THEORIES OF THE PARTIES:

1)     PLAINTIFF: Charging Party Courtney Keen was employed by Respondent at its Murfreesboro, TN store from May 2004 until April 17, 2009. Keen lodged an internal complaint against her supervisor, claiming he was subjecting her to sexual harassment. The sexual harassment consisted of lewd and obscene text messages. After she complained about sexual harassment, Defendant commenced an investigation and terminated her supervisor, a 25 year employee, for violating Defendant's sexual harassment policy. Keen claims that after she complained and Defendant terminated her supervisor, Defendant began issuing disciplinary write-ups to her. Thereafter, Defendant terminated her employment. Prior to lodging the sexual harassment complaint against her supervisor, Defendant had rated Keen as "exceeding

expectations, and an "exceptional employee." Plaintiff alleges that Defendant terminated Keen in retaliation for her complaint of sexual harassment.

2) DEFENDANT: Gregg Appliances, Inc., misidentified in the Complaint as hhgregg, Inc., ("Defendant" or "Gregg"), vigorously denies Plaintiff's allegations of retaliation brought on behalf of Courtney Keen ("Keen"). Keen worked for Gregg as an at-will employee from May 2004 to April 2009, when her employment was terminated for performance reasons. Keen's complaint of inappropriate conduct played no role in Gregg's decision to discharge her, and all decisions made with respect to her employment were in good faith and were legitimate, non-discriminatory, and lawful in all respects. Plaintiff's claims may be barred to the extent that they were not made the subject of a timely charge against Gregg Appliances, Inc. d/b/a hhgregg or were untimely under the applicable statute of limitations.

C. ISSUES RESOLVED: Jurisdiction and venue

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **January 10, 2011**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **October 14, 2011**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **February 10, 2011**.

2

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **August 1, 2011**. The defendant shall identify and disclose all expert witnesses and reports on or before **August 30, 2011**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **October 31, 2011**.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **October 3, 2011**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **November 28, 2011**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: Discovery of electronically stored information ("ESI") shall be governed by Administrative Order No. 174.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) days.

It is so ORDERED.

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

3

APPROVED FOR ENTRY:

*Mark Chen*
Attorney for Commission


*Edward E. Hollis* with permission
Attorney for Defendant
MHC