IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:10-cv-00861 Judge Sharp |
| v. ) ) | Magistrate Judge Griffin |
| GREGG APPLIANCES, INC., ) ) | JURY DEMAND |
| Defendant. ) ) | |

## JOINT PROTECTIVE ORDER

The parties have agreed to entry of this Agreed Protective Order:

IT IS ORDERED that production of the following described documents and their contents are subject to the terms, conditions and restrictions set forth below:

1. This Order applies to medical records which Defendant has sought from Plaintiff Equal Employment Opportunity Commission which the Commission considers to be confidential medical information that has been and will remain protected from public dissemination. This Order also applies to any medical records which Defendant has obtained or may obtain directly from the providers of the claimant in this case, Courtney Keen. This Order is not intended to prevent Ms. Keen from providing a HIPAA-compliant medical authorization, nor is it intended to require Ms. Keen to provide a HIPAA-compliant medical authorization to Defendant in order to subpoena medical records directly from her providers. Defendant shall only seek and only obtain medical records, prescription records, psychotherapy notes, or mental health records dated January 1, 2007 and thereafter. Defendant shall not seek and shall not obtain any medical

records, prescription records, psychotherapy notes, or mental health records created prior to January 1, 2007.

2. All documents produced pursuant to this Order must be marked "Confidential." The documents currently identified as "Confidential" and subject to this order include: all medical records, prescription records or mental health records obtained, if any, for Courtney Keen. Information contained in documents designated as "Confidential" may be disclosed only to Defendant's counsel or individuals qualified by Defendant's counsel as employed by or assisting in preparation for trial of this action, including experts and consultants. Defendant must provide copies to Plaintiff within five (5) days of any documents produced pursuant to this Order.

3. Any information designated "Confidential" is to be treated by the party receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this litigation. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to (a) the Court and its personnel; (b) the attorneys of record in this case and their associate attorneys and paralegal, stenographic, and secretarial employees; (c) the parties; (d) any court reporter or typist recording or transcribing testimony; (e) experts retained by counsel of record; (f) any person deposed in this lawsuit or called to testify as a lay witness at trial; and (g) members of the jury, if required in this case.

4. In the event that Plaintiff or Defendant receives a request, subpoena or other formal or informal demand from any other source besides the parties herein, whether related to another cause of action, proceedings, investigation, or otherwise, for the production or disclosure of any confidential documents then in its possession or control, that party shall provide to

opposing counsel written notice of such request, subpoena, or demand within five (5) days after service of such request, subpoena or demand, and that party shall not interfere with any action the opposing party may elect to take to protect the confidentiality of the confidential documents. Should any such request, demand or subpoena require a response time of less than five (5) days, the party to whom such request, demand or subpoena is directed shall provide prompt notice to the opposing party of such, by telephone or facsimile, including a copy of such request, demand or subpoena.

5. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of confidential documents, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. This Order does not restrict the use of such documents in this litigation. Issues of use or admissibility in the litigation shall be determined by the Court.

6. Only those people authorized to receive information under this Order my reproduce or copy "Confidential" information.

7. Plaintiff's production of "Confidential" documents or information does not constitute a waiver of any privilege or other claim or right of withholding which she may have.

8. "Confidential" documents or information may be used at depositions with the following safeguards: (a) The portions of the deposition transcript and exhibits which refer or relate to "Confidential" documents or information must be considered "Confidential," and the parties will ensure that the deposition is sealed and marked accordingly and the parties will ensure that the deposition is marked accordingly with the court reporter binding the

"confidential" portions of the transcript and exhibits separately and labeling them confidential; (b) the deponent or witness is prohibited from divulging any "Confidential" documents or information to others; and (c) use of "Confidential" documents at depositions does not destroy their "Confidential" status.

9. Nothing in this Order prevents either party from seeking amendments, broadening or restricting the rights of access to and the use of "Confidential" documents or information, or contesting the designation of a "Confidential" document.

This the 25th day of July, 2011.

_____
JULIET GRIFFIN
United States Magistrate Judge

Respectfully Submitted,

| FOR DEFENDANT | FOR THE COMMISSION |
|---|---|
| | FAYE A. WILLIAMS |
| | Regional Attorney |
| /s/ Edward E. Hollis w/permission | BPR # 011730 |
| EDWARD E. HOLLIS | Equal Employment Opportunity Commission |
| AMANDA L. ASBURY | 1407 Union Avenue, Suite 901 |
| *Pro Hac Vice* | Memphis, TN 38104 |
| Baker & Daniels, LLP | (901) 544-0075 |
| 300 North Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| (317) 237-1185 | /s/ Mark Chen |
| | MARK CHEN |
| | Senior Trial Attorney |
| /s/ David L. Johnson w/permission | BPR # 14268 |
| DAVID L. JOHNSON | Equal Employment Opportunity Commission |
| BPR # 18732 | 220 Athens Way, Suite 350 |
| Miller & Martin PLLC | Nashville, TN 37228-9914 |
| Suite 1200, One Nashville Place | (615) 736-5784 |
| 150 Fourth Avenue North | |
| Nashville, TN 37219 | |
| (615) 744-8412 | |